## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **ROYCE EMERY RUSSELL** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **EARNEST RAY HILDRETH,** | § | |
| **LION OIL TRUCKING and** | § | |
| **LION OIL COMPANY** | § | |
| *Defendants.* | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW PLAINTIFF,** ROYCE EMERY RUSSELL, and file this, his Original Complaint, complaining of Defendants, EARNEST RAY HILDRETH, LION OIL TRUCKING, and LION OIL COMPANY in support thereof would respectfully show the Court as follows:

### A.  PARTIES

1.      Plaintiff, ROYCE EMERY RUSSELL, is an individual who is a citizen of the State of Texas and whose current address is 2751 Russell Road #166, Waskom, Texas 75692.

2.      Defendant, EARNEST RAY HILDRETH, hereinafter Defendant HILDRETH, is an individual who is a citizen of the State of Arkansas.  Mr. Hildreth can be served with process at 313 Union 283, Junction City, Arkansas 71749.

3.       Defendant, LION OIL TRUCKING, hereinafter Defendant Business, is a business entity in the state of Arkansas with its principal place of business located at 1000 McHenry Street, El Dorado, AR 71730.  LION OIL TRUCKING may be served with process through LION OIL TRADING AND TRANSPORTATION, LLC, 1000 McHenry Street, El Dorado, AR 71730.

4.      Defendant, LION OIL COMPANY, hereinafter Defendant Corporation, is a corporation incorporated under the laws of Arkansas with its principal place of business located at 1000 McHenry Street, El Dorado, AR 71730.  LION OIL COMPANY may be served with process through their Registered Agent LION OIL TRADING AND TRANSPORTATION, LLC, 1000 McHenry Street, El Dorado, AR 71730.

## B.  JURISDICTION

5.      This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(2) because the suit is between citizens of a State and citizens of foreign states and the amount in controversy exceeds $75,000, excluding interest and costs.  Plaintiff is a citizen of the State of Texas. Defendant HILDRETH is a citizen of the State of Arkansas.   Defendant Corporation locates its principal place of business in Arkansas.  Thus, complete diversity exists between the parties.

## C.  VENUE

6.      Venue is proper in the Eastern District of Texas, Marshall Division under 28 U.S.C. 1391(a)(2) because the incident occurred in the Eastern District of Texas and  Plaintiff resides in the Eastern District of Texas, Marshall Division.

## D.  CONDITIONS PRECEDENT

7.      All conditions precedent have been performed or have occurred.

## E.  AGENCY/*RESPONDENT SUPERIOR*

8.      Whenever it is alleged in this petition that the Defendants did any act or thing, it is meant that the Defendants' agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with the full authorization of the Defendants or was done in the normal routine and course

of the agency and/or employment of the Defendants.

## F.  FACTS

9.       On or about July 23, 2015, ROYCE EMERY RUSSELL, while traveling east on Interstate 20, near reference mile marker 574 in Smith County, Texas.  He was operating his vehicle in a lawful and safe manner, consistent with the conditions at that location.  Accordingly, Plaintiff stopped his vehicle along with other motorists to accommodate a construction area.  The manner in which Plaintiff operated his vehicle at this time was consistent with the highway notices and directives and was honored by him and others around him.  At approximately the same time, Defendant HILDRETH, an employee of Defendant Business, also traveling east on Interstate 20, did not apply his brakes in time, therefore, causing him to strike the rear of Plaintiff's vehicle.  Said collision then caused Plaintiff to collide with another truck directly in front of him causing serious and permanent injuries to Plaintiff ROYCE EMERY RUSSELL.

## G.  NEGLIGENCE

10.       The occurrence made the basis of Plaintiff's lawsuit, and the resulting injuries and damages to Plaintiff, were proximately caused by Defendant HILDRETH's, an employee of Defendant Business,  acts and/or omissions, including, but not limited to, one or more of the following:

a.       Failing to keep a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

b.       Failing to apply his brakes in order to avoid the collision consistent with the manner in which an ordinarily prudent person would have done under the same or similar circumstances;

c.       Failing to pay that degree of attention that a person using ordinary prudence would have done under the same or similar circumstances;

d.      Driving the vehicle recklessly with willful or wanton disregard for the safety of persons or property in violation of Tex. Transp. Code §545.401;

e.      Driving the vehicle without regard for the safety and welfare of other persons or property as an ordinarily prudent person would have under the same or similar circumstances;

f.      Operating his vehicle in a manner inconsistent with the manner in which an ordinarily prudent person would have operated the vehicle under the same or similar circumstances;

g.      In otherwise failing to use due care and caution under the circumstances.

11.     Each and all of the acts and omissions, singularly or in combination with others, constitute negligence and/or negligence per se, which proximately caused the occurrence made the basis of this action and the damages and injuries suffered by Plaintiff.

12.     Defendant Business is liable for the negligence of its employee, Defendant HILDRETH, under the doctrine of Respondent Superior or by reason of Defendant HILDRETH being an agent or representative of Defendant Business.

13.     Plaintiff expressly reserves the right to amend this Complaint to allege new or different acts of negligence.

## H. GROSS NEGLIGENCE

14.     Defendant HILDRETH is guilty of gross negligence in that he willfully and wantonly failed to control his speed and apply his brakes in conscious indifference to the rights, safety, or welfare of others.  This act upon the part of Defendant HILDRETH, when viewed objectively from the Defendant's standpoint, involved an extreme degree of risk.  Defendant HILDRETH had actual, subjective awareness of the risk, but proceeded anyway with a conscious indifference to the rights, safety, or welfare of Plaintiff.

## I.  DAMAGES AS TO PLAINTIFF, ROYCE EMERY RUSSELL

15.     As a proximate result of the collision, Plaintiff ROYCE EMERY RUSSELL sustained serious personal injuries, including injuries to his neck, back and to his body in general.  It has been necessary for Plaintiff ROYCE EMERY RUSSELL to pay or incur reasonable and necessary medical expenses in the past and it is probable that he will incur reasonable and necessary medical expenses for the treatment of his injuries in the future.  In addition, he has sustained the loss of physical ability in the past and will in all probability continue to sustain a loss of physical ability in the future. Further, Plaintiff ROYCE EMERY RUSSELL has sustained physical pain and suffering and mental anguish in the past and will continue to suffer physical pain and mental anguish in the future. Plaintiff ROYCE EMERY RUSSELL has in the past and may in the future sustain financial loss as a result of being absent from work on account of his injuries.  He has sustained a loss of earnings and a loss of wage earning capacity in the past and most likely will sustain a loss of wage earning capacity in the future.  Plaintiff RUSSELL sues for the recovery of past and future medical expenses; past and future physical pain and mental anguish; past and future physical impairment; past and future wage loss and diminished or loss of wage earning capacity, all in an amount in excess of the minimum jurisdictional limits of the Court.  Plaintiff ROYCE EMERY RUSSELL has also suffered damages in the nature of loss of consortium and damages to the husband and wife relationship. These damages include the loss of affection, love, solace, comfort, companionship, society, assistance, sexual relations, emotional support and felicity of a successful marriage.   Moreover, Plaintiff ROYCE EMERY RUSSELL has suffered a loss of household services in the past, and in all probability will suffer a loss of household services in the future.

## J. PRAYER

16.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be duly cited to appear and answer this Original Complaint and that upon final hearing Plaintiff have judgment against Defendants for damages in a sum in excess of the minimum jurisdictional limits of this Court, exemplary damages, both pre-judgment and post-judgment interest, costs of court, and such other and further relief to which he may show himself to be justly entitled.

Respectfully submitted,

WILDER & WILDER, P.C.
200 North Main Street
P.O. Drawer 1108
Henderson, Texas 75652
Telephone: (903) 657-0561
Facsimile: (903) 657-5088


By: /s/ Clay Wilder
     Clay Wilder
     State Bar No. 21462500
     cwilder@suddenlinkmail.com

ATTORNEY FOR PLAINTIFF