## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **ROYCE EMERY RUSSELL** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2: 16-cv-00042** |
| | § | |
| **EARNEST RAY HILDRETH,** | § | |
| **LION OIL TRUCKING,** | § | |
| **LION OIL COMPANY, and** | § | |
| **DELEK US HOLDINGS, INC.** | § | |
| *Defendants.* | § | |

## PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW PLAINTIFF,** ROYCE EMERY RUSSELL, and file this, his Second Amended Original Complaint, complaining of Defendants, EARNEST RAY HILDRETH, LION OIL TRUCKING, LION OIL COMPANY, and DELEK US HOLDINGS, INC. and in support thereof would respectfully show the Court as follows:

## A. PARTIES

1.      Plaintiff, ROYCE EMERY RUSSELL, is an individual who is a citizen of the State of Texas and whose current address is 2751 Russell Road #166, Waskom, Texas 75692.

2.      Defendant, EARNEST RAY HILDRETH, hereinafter Defendant HILDRETH, is an individual who is a citizen of the State of Arkansas.  Defendant HILDRETH is properly before the Court.

3.      Defendant, LION OIL TRUCKING, hereinafter Defendant Corporation, is a business entity in the state of Arkansas with its principal place of business located at 1000 McHenry Street,

*RUSSELL vs. HILDRETH, ET AL.*
Plaintiff's Second Amended Original Complaint

Page 1 of 8

El Dorado, Arkansas 71730.  Defendant LION OIL TRUCKING is properly before the Court.

4.      Defendant, LION OIL COMPANY, hereinafter Defendant Corporation, is a corporation incorporated under the laws of Arkansas with its principal place of business located at 1000 McHenry Street, El Dorado, AR 71730.  Defendant LION OIL COMPANY is properly before the Court.

5.      Defendant, DELEK US HOLDINGS, INC., hereinafter Defendant Corporation, is a corporation incorporated under the laws of Delaware with its principal place of business located at 7102 Commerce Way, Brentwood, Tennessee 37027.   Defendant DELEK US HOLDINGS, INC. is properly before the Court.

## B.  JURISDICTION

6.      This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(2) because the suit is between citizens of a State and citizens of foreign states and the amount in controversy exceeds $75,000, excluding interest and costs.  Plaintiff is a citizen of the State of Texas. Defendant HILDRETH is a citizen of the State of Arkansas.   Defendant Corporation locates its principal place of business in Arkansas.  Defendant DELEK locates its principal office in Tennessee.  Thus, complete diversity exists between the parties.

## C.  VENUE

7.      Venue is proper in the Eastern District of Texas, Marshall Division under 28 U.S.C. 1391(a)(2) because the incident occurred in the Eastern District of Texas and  Plaintiff resides in the Eastern District of Texas, Marshall Division.

## D.  CONDITIONS PRECEDENT

8.      All conditions precedent have been performed or have occurred.

## E.  AGENCY/*RESPONDENT SUPERIOR*

9.      Whenever it is alleged in this petition that the Defendants did any act or thing, it is meant that the Defendants' agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with the full authorization of the Defendants or was done in the normal routine and course of the agency and/or employment of the Defendants.

## F.  FACTS

10.      On or about July 23, 2015, ROYCE EMERY RUSSELL, while traveling east on Interstate 20, near reference mile marker 574 in Smith County, Texas.  He was operating his vehicle in a lawful and safe manner, consistent with the conditions at that location.  Accordingly, Plaintiff stopped his vehicle along with other motorists to accommodate a construction area.  The manner in which Plaintiff operated his vehicle at this time was consistent with the highway notices and directives and was honored by him and others around him.  At approximately the same time, Defendant HILDRETH, an employee of Defendant Corporation, also traveling east on Interstate 20, did not apply his brakes in time, therefore, causing him to strike the rear of Plaintiff's vehicle.  Said collision then caused Plaintiff to collide with another truck directly in front of him causing serious and permanent injuries to Plaintiff ROYCE EMERY RUSSELL.

## G.  NEGLIGENCE

11.      The occurrence made the basis of Plaintiff's lawsuit, and the resulting injuries and damages to Plaintiff, were proximately caused by Defendant HILDRETH's, an employee of Defendant Corporation,  acts and/or omissions, including, but not limited to, one or more of the following:

a.     Failure to control his speed as a person of ordinary prudence would have done under the same or similar circumstances;

b.     Failure to maintain a safe following distance as a person of ordinary prudence would have done under the same or similar circumstances;

c.     Failure to apply his brakes in order to avoid the collision consistent with the manner in which an ordinarily prudent person would have done under the same or similar circumstances;

d.     Failure to keep a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

e.     Failure to observe and respond to highway traffic signs as a person of ordinary prudence would have done under the same or similar circumstances;

f.     Failure to pay that degree of attention that a person using ordinary prudence would have done under the same or similar circumstances;

g.     Failure to take reasonable evasive action to avoid the collision consistent with the manner in which an ordinarily prudent person would have done under the same or similar circumstances;

h.     Driving the vehicle recklessly with willful or wanton disregard for the safety of persons or property in violation of Tex. Transp. Code §545.401;

i.     Driving the vehicle without regard for the safety and welfare of other persons or property as an ordinarily prudent person would have under the same or similar circumstances;

j.     Operating his vehicle in a manner inconsistent with the manner in which an ordinarily prudent person would have operated the vehicle under the same or similar circumstances;

k.     In otherwise failing to use due care and caution under the circumstances.

12.     Plaintiff would show that Defendant Corporation was negligent in its hiring, training, supervision, and entrustment of its driver and equipment involved in the accident made the basis of this suit including but not limited to permitting the load in question at the time of the accident to be

transported in an unbaffled tank trailer.  These acts of negligence were also proximate causes of the occurrence made the basis of this suit and the damages and injuries suffered by Plaintiff.

13.     Each and all of the acts and omissions, singularly or in combination with others, constitute negligence and/or negligence per se, which proximately caused the occurrence made the basis of this action and the damages and injuries suffered by Plaintiff.

14.     Defendant Corporation is liable for the negligence of its employee, Defendant HILDRETH, under the doctrine of Respondent Superior or by reason of Defendant HILDRETH being an agent or representative of Defendant Corporation.

15.   Plaintiff expressly reserves the right to amend this Complaint to allege new or different acts of negligence.

## H. GROSS NEGLIGENCE

16.     Defendant HILDRETH is guilty of gross negligence in that he willfully and wantonly failed to control his speed and apply his brakes in conscious indifference to the rights, safety, or welfare of others.  This act upon the part of Defendant HILDRETH, when viewed objectively from the Defendant's standpoint, involved an extreme degree of risk.  Defendant HILDRETH had actual, subjective awareness of the risk, but proceeded anyway with a conscious indifference to the rights, safety, or welfare of Plaintiff.  Defendant Corporation is guilty of gross negligence in its willful and wanton disregard of its responsibilities and duties to transport hazardous and dangerous cargo over routes of public transportation.  Defendant Corporation had actual knowledge of the risks that it disregarded but proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff in particular and the public in general.

## I.  DAMAGES AS TO PLAINTIFF, ROYCE EMERY RUSSELL

17.     As a proximate result of the collision, Plaintiff ROYCE EMERY RUSSELL sustained serious personal injuries, including injuries to his neck, back and to his body in general.  It has been necessary for Plaintiff ROYCE EMERY RUSSELL to pay or incur reasonable and necessary medical expenses in the past and it is probable that he will incur reasonable and necessary medical expenses for the treatment of his injuries in the future.  In addition, he has sustained the loss of physical ability in the past and will in all probability continue to sustain a loss of physical ability in the future. Further, Plaintiff ROYCE EMERY RUSSELL has sustained physical pain and suffering and mental anguish in the past and will continue to suffer physical pain and mental anguish in the future. Plaintiff ROYCE EMERY RUSSELL has in the past and may in the future sustain financial loss as a result of being absent from work on account of his injuries.  He has sustained a loss of earnings and a loss of wage earning capacity in the past and most likely will sustain a loss of wage earning capacity in the future.  Plaintiff RUSSELL sues for the recovery of past and future medical expenses; past and future physical pain and mental anguish; past and future physical impairment; past and future wage loss and diminished or loss of wage earning capacity, all in an amount in excess of the minimum jurisdictional limits of the Court.

## J. PRAYER

18.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be duly cited to appear and answer this Original Complaint and that upon final hearing Plaintiff have judgment against Defendants for damages in a sum in excess of the minimum jurisdictional limits of this Court, exemplary damages, both pre-judgment and post-judgment interest, costs of court, and such other and further relief to which he may show himself to be justly entitled.

Respectfully submitted,

WILDER & WILDER, P.C.
200 North Main Street
P.O. Drawer 1108
Henderson, Texas 75652
Telephone: (903) 657-0561
Facsimile: (903) 657-5088


By: /s/ Clay Wilder
      Clay Wilder
      State Bar No. 21462500
      cwilder@suddenlinkmail.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of July, 2016 the above and foregoing instrument was served upon all counsel of record in the above entitled and numbered cause by electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

**Stuart R. Hene**
**Starr Schoenbrun & Comte PLLC**
**110 N. College Ave, Suite 1700**
**Tyler, Texas 75702**

**/s/ Clay Wilder**
CLAY WILDER

---

*RUSSELL vs. HILDRETH, ET AL.*
Plaintiff's Second Amended Original Complaint

Page 8 of 8